NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2016[*]
Decided May 6, 2016

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 15-2342

| | |
|---|---|
| LaVONYA J. MOORE,<br>*Plaintiff-Appellant*,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>*Defendant-Appellee*. | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division.<br><br>No. 1:14cv113<br><br>Andrew P. Rodovich,<br>*Magistrate Judge*. |

**O R D E R**

LaVonya Moore applied for Disability Insurance Benefits and Supplemental Security Income in 2011 because of pain in her knees, right shoulder, and back. This was Moore's third application for benefits asserting substantially the same impairments, and the results were mixed. This time, an administrative law judge concluded that Moore was entitled to SSI as of the date of his decision, in November 2013. Moore filed an

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

administrative appeal, but she challenged, not the 2013 decision, but the decision by a different ALJ in 2008 resolving the first of her applications for benefits. The Appeals Council denied review, and a magistrate judge, presiding by consent, upheld the ALJ's decision from 2013. *See* 42 U.S.C. § 405(g). The magistrate judge reasoned that it was too late for Moore to seek judicial review of the 2008 decision. We agree with that conclusion.

The 2008 decision awarded disability benefits to Moore for a limited period running from July 2004 to November 2005. The ALJ who issued that ruling had concluded that Moore resumed employment in November 2005, ending her disability and eligibility for benefits. Moore did not seek review of that decision.

When Moore then filed her current application for benefits in 2011, an ALJ initially issued a decision that was entirely unfavorable. That decision was overturned by the Appeals Council, and on remand the ALJ concluded that Moore was capable of performing unskilled, sedentary work until she turned 49½ on September 15, 2013. But at that age, the ALJ reasoned, Moore effectively was in an age category for which the number of jobs she could perform was minimal, making her disabled. Moore still was ineligible for DIB because her date last insured had passed, *see Shideler v. Astrue*, 688 F.3d 306, 312 (7th Cir. 2012); 20 C.F.R. §§ 404.315(a), 404.320(b), but going forward she will be entitled to SSI because of her limited financial means. This partially favorable 2013 decision should have been the focus of Moore's request for judicial review under § 405(g), but instead she argued that the ALJ who awarded limited benefits in 2008 had erred in finding that she was working again as of November 2005 and thus no longer disabled.

We agree with the magistrate judge that Moore cannot use a § 405(g) proceeding arising from the ALJ's 2013 decision to raise an untimely challenge to the 2008 decision. Moore had 60 days after that decision to request review by the Appeals Council. *See* 20 C.F.R. §§ 404.968(a)(1), 416.1468(a). She did not. And if she had done so (and come away disappointed), she still would have had only 60 days—not several years—to seek judicial review. *See* 42 U.S.C. § 405(g); *Bowen v. City of New York*, 476 U.S. 467, 472, 482–83 (1986); 20 C.F.R. §§ 404.900(a)(5), 404.981, 416.1400(a)(5), 416.1481. It is far too late for Moore to be protesting agency action that occurred in 2008.

As best we can tell from her appellate brief, Moore is satisfied with the 2013 decision. But even if some isolated statements in her brief *could* be read as criticizing that decision, Moore has failed to develop an argument supported by legal authority and

citations to the record, as required by Federal Rule of Appellate Procedure 28(a)(8)(A). *See Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Thus, no issue is before us concerning the 2013 decision.

    Accordingly, the judgment of the district court is AFFIRMED.