NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 3, 2019*
Decided April 3, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2860

| | |
|---|---|
| LAVONYA MOORE, <br>     *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, Fort Wayne Division. |
| *v.* | No. 1:17cv454 |
| NANCY A. BERRYHILL, <br> Acting Commissioner of Social Security, <br>     *Defendant-Appellee*. | Theresa L. Springmann, <br> *Chief Judge*. |

**O R D E R**

Lavonya Moore appeals from a district court's order dismissing her complaint against the Acting Commissioner of Social Security on jurisdictional grounds. Moore's complaint appeared to seek reconsideration of a previously adjudicated claim for disability benefits, so the district court concluded that there was no outstanding final decision of the Commissioner to review. We affirm.

---

* We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

At least three times over the past 15 years, Moore has applied for disability benefits. She first applied for disability insurance benefits and supplemental security income in 2005. In 2008, an administrative law judge awarded her benefits, but only for a closed period between 2004 and 2005. Moore did not appeal that decision. Months later in 2008, Moore filed a second application for benefits, this time alleging a disability onset date beginning in 2006. An unfavorable decision by the administrative law judge was upheld by the district court in 2011.

In 2011 she filed a third application for benefits, alleging an onset date beginning in 2009. After protracted proceedings, an ALJ issued a partially favorable decision, finding her disabled as of September 2013. That decision was upheld by the district court in 2015, and we affirmed. *See Moore v. Colvin*, 639 Fed. App'x 376 (7th Cir. 2016).

In late 2017 Moore brought this suit in federal court, arguing that the district court's decisions in 2011 and 2015 did not properly consider the ALJ's 2008 decision. The court granted the Acting Commissioner's motion to dismiss, concluding that it lacked jurisdiction under 42 U.S.C. § 405(g) to review any of Moore's claims because that statute authorizes judicial review of a denial of benefits only if the claimant has received a final decision by the Commissioner, and no such final decision of the Commissioner was outstanding.

Moore's brief on appeal is difficult to parse, but she appears to argue that the ALJ's 2008 decision (awarding benefits for only a closed period between 2004 and 2005) entitled her to benefits that she did not receive, and that her later efforts to raise this issue were wrongly stymied by the district court in its adverse rulings in 2011 and 2015.

The district court was right to dismiss her complaint. To the extent Moore seeks review of the ALJ's 2008 decision, the existence of a final decision by the Commissioner after a hearing is "central to the requisite grant of subject-matter jurisdiction." *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 624 (7th Cir. 2017) (*quoting Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)); 42 U.S.C. § 405(g). Moore did not seek administrative review of the 2008 decision (and it would be far too late to do so now), so the district court lacks subject matter jurisdiction over this claim. § 405(g). If Moore is instead seeking review of the district court's decisions in 2011 and 2015 then she is too late. A claimant has 30 days after final judgment to file a notice of appeal, FED. R. APP. P. 4(a)(1); *Bowles v. Russell*, 551 U.S. 205, 210 (2007), and she is eight years too late to challenge the 2011 decision. As for the 2015 decision, we have already reviewed and affirmed it. *See Moore v. Colvin*, 639 Fed. App'x 376 (7th Cir. 2016).

AFFIRMED